UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WALTER BARRETT,

    Petitioner,

v.                                                           CASE NO. 6:13-cv-483-Orl-37GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 7). Petitioner filed a reply (Doc. No. 12) to the response.

Petitioner alleges one claim for relief in his habeas petition: he "was mentally incompetent and/or suffered from mental illness, therefore unable to defend himself or unable to assist his lawyer in presenting a viable defense to the charged crime." *See* Doc. No. 1 at 4.

I.  *Procedural History*

Petitioner was charged by second amended information with burglary while armed with a firearm (count one) and aggravated assault (count two).  Petitioner was found competent to proceed to trial, and a jury found Petitioner guilty as charged.  The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a term of life as to count one and for a term of twenty years as to count two, with the sentences to run consecutively.  Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.

Petitioner next filed a petition for writ of habeas corpus with the state trial court, which struck sub-claims I and II of claim two with leave to amend and stayed the remaining claims.  Petitioner filed an amended petition, which the trial court struck without prejudice.

Petitioner then filed a second amended habeas petition and a motion to dismiss/motion for postconviction relief.  The trial court entered an order denying the second amended habeas petition and the motion to dismiss/motion for postconviction relief.  The state appellate court affirmed *per curiam*.

II.  *Legal Standards*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[1] *Id*.

---

[1] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision

3

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III.     Analysis

Petitioner alleges that he "was mentally incompetent and/or suffered from mental illness, therefore unable to defend himself or unable to assist his lawyer in presenting a viable defense to the charged crime." *See* Doc. No. 1 at 4. This claim was raised in Petitioner's direct appeal.

Prior to trial, the trial court had a mental examination performed on Petitioner. The trial court noted that the "mental examination found [Petitioner] competent to proceed." App. B at 115. At sentencing, Petitioner's counsel noted that Petitioner had been evaluated five times and that Petitioner had never been found incompetent. *Id.* at 376. The trial court stated that Petitioner was "competent, he has been deemed competent by good medical doctors, but he tends to act out whenever it is to his advantage." *Id.* at 376.

---

was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

4

The record reflects that Petitioner's competency was considered by the trial court on numerous occasions. He was evaluated by medical experts, and he was deemed competent. Petitioner has failed to demonstrate that the trial court acted erroneously with regard to this matter. As such, Petitioner has failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, this Court rejects this claim.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Walter Barrett is **DENIED,** and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.² Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 22nd day of May, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-2 5/22
Walter Barrett
Counsel of Record

---

²Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.